IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD WYATT,** : | |
|      **Plaintiffs** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 15-2259** |
| : | |
| **PHILADELPHIA HOUSING** : | |
| **AUTHORITY,** *et al.*, : | |
|      **Defendants.** : | |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                              **March 3, 2017**

After the Philadelphia Housing Authority ("PHA") terminated his employment, Plaintiff Richard Wyatt filed this action alleging violations of various state and federal laws against PHA, his union, and their presidents. The Court granted Defendants' motions to dismiss and permitted Plaintiff to amend his complaint. Now before the Court are Defendants' motions to dismiss the second amended complaint. For the reasons set forth herein, the motions will be granted.

**I.      Pertinent Facts Alleged in the Second Amended Complaint[1]**

Plaintiff alleges that, prior to November 17, 2009, he was employed as a plasterer with Defendant Operative Plasterers' and Cement Masons' International Association Local 008 ("Union"). Plaintiff was earning $24.80 per hour for forty hours of work per week. Plaintiff's union benefits included health benefits, an annuity account, and a pension.

Beginning around November 17, 2009, Plaintiff began working as a provisional employee of PHA. PHA requires in-house employees to live in Philadelphia County, but

---

[1] The factual background is taken in part from the Court's March 1, 2016 Opinion granting Defendants' motions to dismiss the amended complaint.

provisional employees are not subject to this residency requirement.  PHA has an agreement with Plaintiff's Union governing certain conditions of employment.

In early September 2012, Plaintiff was told that if he did not agree to work in-house at PHA, he would lose his job.  Plaintiff became an in-house employee, working as a "plasterer maintenance man" and rebuilding chimneys in Philadelphia.  Beginning later that month, he complained at union meetings about becoming an in-house employee, as it affected his benefits.

Plaintiff alleges in the second amended complaint ("SAC") that, prior to the union meetings, his co-workers asked Plaintiff to advocate for them because they were afraid of retaliation, and Plaintiff agreed to do so, both in person and via e-mail.[2]  Plaintiff states that at the union meetings, he complained not only on his own behalf, but also on behalf of approximately twenty of his co-workers, and that his loud protest created a "riot-like atmosphere."[3]  Union leaders became hostile and told Plaintiff he had no right to speak because of his status as a "journeyman."[4]

Plaintiff states in the SAC that he protested on behalf of himself and his co-workers "many times" in 2013 and 2014.  In response, Plaintiff was given "the worst jobs," including manual labor on rooftops.  When he complained about these assignments, he was told to "shut his mouth."[5]

---

[2] Plaintiff attaches to the SAC an email sent to an unidentified person, presumably someone at the Union, complaining that he and others "working under a slashed rate" at PHA.  *See* SAC, Ex. A.  There is no indication that any of the named Defendants received or knew of the email.

[3] SAC ¶ 26.  Plaintiff references a newspaper article in support of his allegation that the issues of which Plaintiff complained were "widely publicized."  *See* Eric Mayes, *PHA to Eliminate Provisional Employees*, The Philadelphia Tribune (Aug. 8, 2012), http://www.phillytrib.com/news/pha-to-eliminate-hiring-provisional-employees/article_fb61572f-b08d-520a-974a-b1502bc40212.html.  The article discusses PHA's decision to stop hiring "provisional employees" in favor of hiring "in-house employees," which was expected to save PHA roughly $10 million per year.  *Id.*

[4] Plaintiff fails to explain the terms "provisional," "in-house," and "journeyman."

[5] SAC ¶¶ 30-33.

In 2013, Defendants began advising Plaintiff that he had to comply with PHA's residency requirement. In January 2014, he was told that he needed to provide a letter explaining why he could not move to Philadelphia County. Plaintiff responded, stating that he has joint custody of his daughter and is not permitted to have parenting time in Philadelphia pursuant to a Superior Court of New Jersey order. In April 2014, he was eligible for a raise, but did not receive one. That month, his Union informed him that he had received a residency waiver from PHA. However, in June 2014, Union business agent Billy Taylor told Plaintiff that the Union needed to provide PHA with the documentation to support the waiver. Billy Taylor passed away soon after this conversation, without having the opportunity to send Plaintiff's supporting documents to PHA. The Union president, Thomas Kilkenney, assured Plaintiff that the documents supporting the waiver would be sent to PHA.

In September 2014, Plaintiff and ten other in-house employees were fired by PHA for failure to comply with the residency requirement. Five were quickly rehired as provisional employees, but Plaintiff was not. After he was terminated, the Union did not file a grievance on Plaintiff's behalf. Plaintiff argues that he was terminated as an in-house employee and not rehired as a provisional employee, despite having a legitimate reason for not meeting the residency requirement, in retaliation for having verbally opposed his employment change to "in-house" status, and that PHA used the residency requirement as a pretext for firing him.

Plaintiff filed suit against PHA and the Union, and thereafter filed a first amended complaint. Defendants responded with motions to dismiss. By memorandum opinion and order, the Court granted the motions and permitted Plaintiff to amend the complaint a second time. Plaintiff subsequently filed the SAC, asserting a single Count of Retaliation for First Amendment Protected Activities, which Defendants moved to dismiss.

**II.     Standard of Review**

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's plain statement does not contain enough substance to show that plaintiff is entitled to relief.[6]  A Court may look to the facts alleged in the complaint, its attachments, and documents incorporated into the complaint by reference or explicitly relied upon in the complaint.[7]  In determining whether a motion to dismiss should be granted, the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[8]  However, something more than a mere *possibility* of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[9]  Furthermore, courts are not bound to accept as true legal conclusions couched as factual allegations.[10]

**III.    Discussion**

Plaintiff asserts only a § 1983 retaliation claim against Defendants, alleging that he was denied a residency waiver and terminated in retaliation for voicing opposition to his change in status from provisional employee to in-house employee at PHA.

**A.  Union Defendants**

The Union Defendants argue, as they did before, that they are not governmental entities, and thus are not subject to suit under § 1983.  Plaintiff has again failed to set forth facts in the SAC from which the Court can find that the Union Defendants acted under color of state law.

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[7] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994); *Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007); *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

[8] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9] *Twombly,* 550 U.S. at 570.

[10] *Id.* at 555, 564.

Because this is the second time that Plaintiff has failed to do so, and it appears further amendment (which has not been requested) would not cure this deficiency, the retaliation claims against the Union Defendants will be dismissed.

### B. PHA Defendants

The PHA Defendants argue that dismissal is warranted because Plaintiff has failed to cure the deficiencies in his retaliation claim.[11] To state a § 1983 claim for retaliation for exercising his First Amendment rights, Plaintiff must allege facts demonstrating that (1) he engaged in activity which is protected by the First Amendment; (2) the defendants retaliated against the plaintiff in a manner that would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial factor in the adverse employment action.[12] The first element is "solely a question of law"[13] and requires that Plaintiff allege, *inter alia,* that he spoke as a private citizen on a matter of public concern.[14] Speech involves a matter of public concern if its "content, form, and context establish that the speech involves a matter of political, social, or other concern to the community."[15] Plaintiff has not shown that his speech implicates any of these concerns.

Plaintiff states that he complained at Union meetings about his change in status from provisional to in-house employee at PHA. Plaintiff sufficiently alleges that he spoke as a private citizen.[16] However, even considering the allegations in the SAC that he complained many times

---

[11] The PHA Defendants do not dispute that they are state actors for the purposes of § 1983.

[12] *Morris v. Philadelphia Hous. Auth.*, 487 F. App'x 37, 39 (3d Cir. 2012); *Thomas v. Independence Twp.*, 463 F.3d. 285, 296 (3d Cir. 2006).

[13] *Miller v. Clinton Cty.*, 544 F.3d 542, 548 (3d Cir. 2008).

[14] *Connick v. Myers*, 461 U.S. 138, 142-43 (1983).

[15] *Miller*, 544 F.3d at 548.

[16] Although Plaintiff does not specifically state why the change in status was problematic for him, the Court infers from the Complaint that Plaintiff knew he would be unable to comply with the residency requirement, which

on behalf of himself and twenty co-workers, the Court cannot infer that he spoke on a matter of public, rather than private, concern. Plaintiff alleges that he complained about an unfavorable change in his benefits when he became an in-house employee, as well as about the applicability of a residency requirement with which he knew he would be unable to comply. These complaints were not aimed at issues of public concern; instead, Plaintiff's "grievances related to working conditions and other issues in union members' employment and [Plaintiff] offers nothing that would transform those personnel matters into issues of interest to the broader community."[17] Plaintiff "spoke on these matters in [his] capacity as an employee, not as a citizen bringing a matter of far-reaching concern to the public's attention."[18] As such, Plaintiff has failed to meet the threshold requirement that his speech involved a matter of public concern.

## V. Conclusion

For the reasons explained above, the motions to dismiss will be granted. Plaintiff has already filed three counseled complaints that have failed to withstand scrutiny. Because amendment (which has not been requested) would be futile, the Second Amended Complaint will be dismissed with prejudice.[19] An appropriate order will be entered.

---

applies to in-house but not provisional employees, due to the terms of a child custody order from the New Jersey courts. However important to Plaintiff, this is purely a personal matter, and not a matter of public concern.

[17] *Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 (3d Cir. 2015) (internal citation omitted). Plaintiff attempts to show that he spoke on a matter of public concern by citing a local newspaper article reporting on PHA's decision to shift from employing tradespeople "provisionally" to employing them "in house," but this article is not specific to Plaintiff's grievances. The article does not mention Plaintiff's Union, much less Plaintiff. *See* SAC ¶ 26.

[18] *Nittoli v. Morris Cty. Bd. of Chosen Freeholders*, No. CIV.A. 05-4007 (JAG), 2007 WL 1521490, at *4 (D.N.J. May 22, 2007); *see also Cindrich v. Fisher*, 341 F. App'x 780, 787 (3d Cir. 2009) ("Cindrich makes no effort to identify specific matters of public concern addressed by specific speech.").

[19] *See Shah v. United States*, 540 F. App'x 91, 95 (3d Cir. 2013).